IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH D. HILL, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CITY OF MIDWEST CITY; BRANDON )<br>CLABES; JOHN WHETSEL and )<br>BOARD OF COUNTY )<br>COMMISSIONERS )<br>)<br>Defendants ) | Case Number CIV-07-619-C |

## MEMORANDUM OPINION

Plaintiff filed the present action pursuant to 42 U.S.C. § 1983, alleging Defendants had violated his constitutional rights. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred to United States Magistrate Judge Valerie K. Couch. Judge Couch entered a Report and Recommendation ("R&R") on April 23, 2008, recommending dismissal of portions of Plaintiff's claims but recommending that other claims should survive. Defendant Sheriff Whetsel ("Sheriff") filed a Response/Objection setting forth the final disposition of the state charges against Plaintiff. Plaintiff thereafter filed a "Response to Defendant's Court Ordered Response to Report and Recommendation." Although Plaintiff's filing was not timely, the Court will accept his explanation that he did not receive a copy of the R&R and consider his filing as if timely.

Judge Couch considered three pending motions and recommended their disposition as follows: Plaintiffs' Motion for Default Judgment should be denied; the Midwest City

Defendants' Motion to Dismiss should be granted; and the Motion to Dismiss of the Oklahoma City Defendants should be denied on the grounds set out in the motion. However, Judge Couch *sua sponte* considered whether 28 U.S.C. § 1915(e)(2)(B)(ii) should apply to any of Plaintiff's claims and under that statute recommended: dismissal of all of Plaintiff's claims against Defendant Board of County Commissioners; that the claims for false arrest and unreasonable search and seizure against Defendant Sheriff should be dismissed; and that Plaintiff's speedy trial claim should be dismissed without prejudice. Finally, Judge Couch noted that at the time the R&R was issued, there was not a final disposition of the criminal charges facing Plaintiff. On that ground, Judge Couch recommended that Plaintiff's claim for false imprisonment against Defendant Sheriff be stayed pending final resolution of the criminal charges.

Defendant Sheriff's Response/Objection notes that on May 13, 2008, Plaintiff appeared before an Oklahoma County Judge and pled guilty to the criminal charges underlying his present claims. Thus, Defendant Sheriff argues, Plaintiff's claim for false imprisonment should be dismissed. As Judge Couch noted in the R&R, a central question to be answered in resolving Plaintiff's claims is the effect of Heck v. Humphrey, 512 U.S. 477 (1994). Summarized, Heck holds that a civil action cannot be brought if a judgment in plaintiffs favor would necessarily imply the invalidity of the conviction or sentence.

After review of the allegations in Plaintiffs' Complaint and the state court docket materials submitted by Defendant Sheriff, the Court finds Plaintiff's claim for false imprisonment must be dismissed pursuant to Heck. Plaintiff's false imprisonment claim

challenges the validity of his detention following charges of shoplifting. Plaintiff has now pled guilty to the conduct underlying those charges. Thus, if Plaintiff were to attempt to prove he was falsely imprisoned, that proof would necessarily impugn the validity of his conviction. Consequently, Plaintiff's false imprisonment claim is barred by Heck and must be dismissed. Id. at 487.

To the extent Plaintiff complains in his response of other constitutional violations or matters which go to the validity of his conviction, his claims are not properly brought pursuant to 42 U.S.C. § 1983. See Butler v. Compton, 482 F.3d 1277, 1279 (10th Cir. 2007) (noting "[t]he purpose behind Heck is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions."). This rule also applies to Plaintiff's speedy trial claim. Judge Couch recommended dismissal without prejudice because the state court docket did not adequately demonstrate a probable cause hearing was timely held. However, Plaintiff argues the alleged failure entitled him to relief from the charges to which he pled guilty and release from incarceration. These remedies are not appropriate in a § 1983 suit.

As set forth more fully herein, the Court ADOPTS in part the Report and Recommendation (Dkt. No. 42) of the Magistrate Judge. The Court declines to adopt that portion of the R&R recommending a stay pending resolution of the criminal charges facing Plaintiff. Rather, in light of the disposition of those charges, the Court finds Plaintiff's claim for false imprisonment must be DISMISSED. The Court also declines to adopt that portion

of the R&R recommending dismissal without prejudice of Plaintiff's speedy trial claim. Given the nature of that claim and the relief sought by Plaintiff, 42 U.S.C. § 1983 is an inappropriate vehicle to pursue the claim. Accordingly, the Court finds Plaintiff's speedy trial claim should be dismissed with prejudice. In all other respects, the R&R is adopted in full. This matter will be dismissed with prejudice as to all Defendants. A separate judgment will issue.

    IT IS SO ORDERED this 5th day of June, 2008.

ROBIN J. CAUTHRON
United States District Judge